UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR PICKENS, | ) | Case No. 1:09CV00564 |
| | ) | |
| Petitioner, | ) | Judge John R. Adams |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| RICHARD GANSHEIMER, WARDEN, | ) | (resolving ECF 1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Arthur Pickens has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C.
§2254. Mr. Pickens was indicted in the Cuyahoga County Court of Common Pleas for one count
of menacing by stalking in violation of O.R.C. §2903.211 and one count of violation of a temporary
protection order in violation of O.R.C. §2919.27. (Docket #9, Exhibit 1). After initially pleading
not guilty, Mr. Pickens pled no contest to both charges. (*Id.*, Exhibit 3). The trial court accepted
Mr. Pickens's plea, found him guilty, and sentenced him to an aggregate term of three years
imprisonment.[1] (*Id.*, Exhibit 4).

On April 4, 2007, Mr. Pickens, through counsel, appealed his sentence to the Ohio Eighth
District Court of Appeals alleging that "[t]he trial court failed to comply with R.C. 2929.11 and R.C.
2929.12 in sentencing [him] to three years in prison for violating R.C. 2929.27, a felony of the third

---

[1] Mr. Pickens asserts that he was "recently released" from prison. (Docket #9). However,
a district court "has subject matter jurisdiction over *** habeas petition, pursuant to 28 U.S.C. §
2254(a), [when petitioner] was "in custody" at the time he filed the petition with the district court[.]"
*Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004), *citing Jones v. Cunningham*, 371 U.S. 236, 242
(1963). Mr. Pickens filed his petition on March 16, 2009, presumably prior to his recent release.

2

degree." (*Id.*, Exhibit 6 at ii). On March 27, 2008, the state appellate court affirmed the judgment of the trial court. (*Id.*, Exhibit 8). Mr. Pickens did not file an appeal to the Ohio Supreme Court.

On July 14, 2008, Mr. Pickens filed a motion with the trial court seeking to withdraw his plea arguing ineffective assistance of counsel for conduct up to and including Mr. Pickens plea and resulting sentence. (*Id..*, Exhibit 9). The trial court denied Mr. Pickens's motion on July 22, 2008. (*Id.*, Exhibit 10). On August 11, 2009, Mr. Pickens appealed the trial court's denial of his motion to withdraw his plea and asserted five assignments of error: (1) "counsel failed to investigate the indictment, failed to explain the indictment and criminal statutes to his client"; (2) "counsel failed to explain to the court the lack of legal issue involved in the particular charges"; (3) counsel did not have sufficient knowledge of criminal law to represent him; (4) "counsel failed to investigate the case, the elements of the case, police reports, filed complaints and failed to argue the issue of insufficient evidence"; and (5) "counsel failed to properly and/or adequately advise [him] in reference to his plea." (*Id.*, Exhibit 12). On April 27, 2008, the state appellate court affirmed the judgment of the trial court on the basis of res judicata stating that the claims Mr. Pickens was currently asserting "could have  been raised on direct appeal." (*Id.*, Exhibit 14 at 2). Mr. Pickens did not file an appeal to the Ohio Supreme Court.

On August 25, 2008, Mr. Pickens filed another notice of appeal challenging the trial court's denial of his motion to withdraw his plea, which the state appellate court dismissed, prior to briefing, as duplicative of the earlier appeal. (*Id.*, Exhibits 15, 16).

On July 18, 2008, Mr. Pickens filed a motion for relief from judgment with the trial court alleging that his legal rights were violated because the state "used 'fruits of the poisonous tree doctrine' [and] the court has failed to allow the suppression of tainted evidence." (*Id.*, Exhibit 17).

3

The trial court denied Mr. Pickens's motion on July 28, 2008. (*Id.*, Exhibit 18).  Mr. Pickens did not

appeal this ruling.

On October 16, 2008, Mr. Pickens filed a "Motion for Writ of Mandamus/Motion to

Compel" asking the Court to "rule on his motion Findings, Facts, Conclusion filed on July 14th and

July 18th 2008." (*Id.*, Exhibit 19).  The trial court denied the motion on October 28, 2008. (*Id.*,

Exhibit 21).  Mr. Pickens did not appeal this ruling.

Mr. Pickens  timely filed the instant petition on March 16, 2009, under 28 U.S.C. §2254, and

presents two grounds for relief.  (Docket #1).

> **Ground one**[:] Count two charging petitioner with violating a temporary protection
> [order], in violation of O.R.C. 2929.27, is based upon a void T.P.O. that was not
> issued by the lower court in accordance with due process mandates enumerated
> within the protection order statutes under sections 2903.213 and/or 2903.214.  Thus,
> the State unlawfully inforced [sic] jurisdiction over the subject matter, and over
> petitioner.
>
> > Supporting FACTS: *** Trial court unlawfully exercised jurisdiction
> > over petitioner.
>
> **Ground two**: Petitioner did not waive his rights to a jury voluntary [sic], common
> plea[s] court's [sic] failed to comply with O.R.C. 2945.05.  The Judge lacked
> jurisdiction to except [sic] plea of no contest and find petitioner guilty.
>
> > Supporting FACTS[:] *** O.R.C. 2945.05 waiver by jury [by]
> > Petitioner shall [be] in writing, made part of record, signed, and filed
> > with the Courts that they voluntaryly [sic] waive there [sic] right to
> > a jury. No such waiver form was sighned [sic] and made part of
> > record. Never waived his right in writing. Trial court unlawfully
> > exercised jurisdiction over petitioner.

(Docket #1)

Respondent answered opposing the petition. (Docket #5).  Mr. Pickens filed a response.

(Docket #9).

I.    *FACTUAL BACKGROUND*

4

The facts that formed the basis of the Mr. Pickens's conviction were set forth in *State v. Pickens,* 2008 WL 802650 (Ohio App. 8 Dist.), at ¶2 ("State Court Opinion").

> In response to a misdemeanor charge of menacing by stalking filed by the victim, Pickens' former girlfriend, the Parma Municipal Court issued a temporary protection order barring Pickens from harassing the victim by communicating with her by telephone, among other means. Pickens posted bond and that same day began calling the victim. The police arrested him, and he again posted bond, subject to the same temporary protective order barring him from contacting the victim. Over a period of approximately 20 days following his release on the second charge, he made in excess of 200 telephone calls or text messages to the victim's cell phone.

## II.      *LAW AND ANALYSIS*

For purposes of federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2), which  extends the  permissible range of federal review of state convictions as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim  - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

A district court has very restricted Congressionally-granted powers for review under 28 U.S.C. §2254(d).  *See Williams v. Taylor*, 529 U.S. 362, 402-03 (2000)*; Bell v. Cone*, 535 U.S. 685 (2002). The habeas applicant must show either that the state decision was "contrary  to" or an "unreasonable application" of Supreme Court precedent.   The phrases "contrary to" and "unreasonable application" are not the same.   Under the "contrary to" standard of review, the state

5

court's decision is "contrary to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Williams,* 529 U.S. at 405-06; *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003).  Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ.  *Id.*  The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer*, 538 U.S. at 71-72; *Williams*, 529 U.S. at 412; *Bell*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  This includes both the state court's refusal to extend and/or its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts.  See *Williams*, 529 U.S. at 407.   The unreasonable application of Supreme Court precedent must, however,  be "objectively" unreasonable.  *Id.* at 409; *Wiggins,* 539 U.S. at 520-21.  When the state court has rendered a decision, the federal reviewing court  may not grant the writ in its "independent review of the legal question."  *Lockyer*, 538 U.S. at 75.  When there has been an "unreasonable application" of clearly established federal law, then no deference is due to the state decision and the federal court is free to resolve the claim independently.

"A petitioner seeking a writ of habeas corpus must meet certain procedural requirements to

6

permit review of his habeas claims by a federal court." *Murphy v. Ohio*, 552 F.3d 485, 501 (6th Cir. 2009), *citing Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006). "A federal court will not review claims that were not entertained by the state court due to either the petitioner's failure to raise those claims in the state courts while state remedies were available <u>or</u> the petitioner's failure to comply with a state procedural rule, thereby preventing the state courts from reaching the merits of the claims." (Emphasis added). *Murphy*, 552 F.3d at 501, *citing Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). In order to satisfy the exhaustion requirement, the petitioner must present the claim "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681, *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir.1984).

To "fairly present" a federal constitutional claim to a state court, a petitioner must give the highest court in the state a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). "A petitioner can take four actions in its brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of

7

constitutional law." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), *quoting Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

If a petitioner has no remaining state remedies but has failed to present all claims to the highest state court in a federal constitutional context, then petitioner's state remedies are exhausted, but petitioner has procedurally defaulted the claims. *See Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir.1995).

"[A] petitioner can overcome the procedural default, [however], by either 'demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008), *quoting Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "'Cause' for default requires a showing that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Jells*, 538 F.3d at 488, *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986). "'Prejudice' requires a showing that the errors at trial 'worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Jells*, 538 F.3d at 488, *quoting United States v. Frady*, 456 U.S. 152, 170 (1982). "Additionally, under the miscarriage-of-justice exception, the Court may consider an otherwise defaulted claim if it concludes that the petitioner has shown that the 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Jells*, 538 F.3d at 489, *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995), *quoting Murray*, 477 U.S. at 496.

On appeal, Mr. Pickens challenged the sentence imposed (Docket #5-2, Exhibit 6) and the trial court's denial of his motion to withdraw his plea vis-a-vis the performance of his trial counsel,

8

which led him to enter a plea.  (Docket #5-2, Exhibit 12). Mr. Pickens did not make the jurisdictional arguments set forth in his grounds for his habeas petition to the state court of appeals.  Nor did Mr. Pickens appeal any of the judgments of the state court of appeals to the Supreme Court of Ohio.

Accordingly, Mr. Pickens has failed to exhaust his state remedies and because no state procedures for relief remain available to him for this ground, he has procedurally defaulted.  *See Simpson* and *Hannah*, *supra.*  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999)(considering "[w]hether a petitioner who fails to present his claims in a petition for discretionary review to a state court of last resort has properly presented his claims to the state courts and concluding that because the answer is 'no,' the petitioner has procedurally defaulted his claims."); *Teague v. Lane*, 489 U.S. 288, 297-99 (1989) (stating that a 14th Amendment equal protection claim is forfeited following exhaustion of state remedies and failure to raise claim to state courts).

Not only is review barred by the federal doctrine as expressed in *O'Sullivan* and *Teague*, but it is also a state procedural bar and the failure to present the ground to the state's highest court provides an adequate and independent state procedural rule to bar habeas review.  Mr. Pickens "would be unable to raise [his jurisdictional] claim[s] in state court as [they] would be barred by the doctrine of res judicata."  *Burgan v. Eberlin*, 2009 WL 3763075 at *7 (N.D. Ohio)(Adams, J.) "Ohio's post-conviction relief statute, O.R.C. § 2953.21, has long been interpreted to bar post-conviction consideration of any issue *** that could have been fully litigated before judgment of conviction or on direct appeal but was not."  *Id., citing State v. Perry*, 10 Ohio St.2d 175, 226 at ¶7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994).

9

Mr. Pickens's petition and response do not attempt to demonstrate cause and prejudice or actual innocence.

Based on the foregoing, it is the recommended that both of Mr. Pickens's grounds for relief be dismissed due to procedural default.

**III.     *CONCLUSION AND RECOMMENDATION***

Following review of the arguments raised in the petition and applicable law, petitioner has not demonstrated that he was in custody pursuant to state court judgment that resulted from a decision that is "contrary to" or involved in an "unreasonable application" of federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. §2254(d)(1).  Further, there has been no demonstrated need for an evidentiary hearing and the petition for habeas corpus relief under 28 U.S.C. §2254 should be denied and dismissed.


                              /s/James S. Gallas
                              United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: <u>December 3, 2009</u>