UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Arthur Pickens, | ) | CASE NO.: 1:09CV564 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Richard Gansheimer, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

    This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Arthur Pickens.[1]  Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein.  Therefore, it is ordered that the petition is hereby DISMISSED.

**I.**    **Introduction**

    Pickens was indicted in the Cuyahoga County Court of Common Pleas on one count of menacing by stalking and one count of violation of a temporary protection order.  Pickens pled no contest to both charges, was found guilty, and was sentenced to three years in prison.  Pickens appealed his sentence to the state appellate court, arguing that his sentence was improper.  The appeals court affirmed his sentence, and Pickens did not file an appeal with the Ohio Supreme

---

1 The objections are captioned as a motion for reconsideration, but are properly treated as objections.

Court. On July 14, 2008, Pickens moved to withdraw his plea, asserting that he had received ineffective assistance of counsel. The trial court denied the motion, and Pickens once again appealed. The appellate court affirmed the denial of his motion on April 27, 2008. Pickens did not appeal from that decision. Instead, on December 19, 2008, Pickens filed a habeas petition with the Ohio Supreme Court. In that petition, Pickens for the first time raised issues of subject matter and personal jurisdiction, the claims he seeks to raise herein. The petition was *sua sponte* dismissed on February 4, 2009.

On December 4, 2009, the Magistrate Judge issued his Report & Recommendation, detailing why this petition should be dismissed. Specifically, the Magistrate Judge concluded that Pickens had procedurally defaulted his claims. On January 27, 2010, Pickens objected to the Report. The Court now resolves those objections.

**II.  Analysis**

Pickens objections focus solely upon whether he properly exhausted his claims. Pickens details the filing of his petition with the Ohio Supreme Court in an effort to demonstrate that he has exhausted his claims. In so doing, Pickens ignores that even a finding that his claims are exhausted does not rebut the conclusion that he has procedurally defaulted those claims.

In this Circuit, a four-part analysis is conducted when the issue of procedural default is presented. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a

state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In the instant matter, it is undisputed that Pickens never presented his due process arguments, arguments he phrases in terms of jurisdiction, to the trial court or on direct appeal. Accordingly, under Ohio law, *res judicata* would bar him from raising those arguments in a later proceeding.

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that w*as raised or could have been raised* by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967) (emphasis added). There is also no question that this bar applies in post-conviction proceedings. *See State v. Cole*, 2 Ohio St.3d 112 (1982). As Pickens failed to raise his claims in the trial court and appellate court, where they clearly could have been raised, *res judicata* bars him from raising them in a subsequent proceeding.

There is no question that the state court enforced its procedural rule as Pickens' habeas petition was dismissed *sua sponte* by the Ohio Supreme Court. As such, step two in the *Maupin* test is satisfied. Additionally,

> The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible

opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

*Shoemaker v. Duffy*, 2010 WL 58982, at *11 (S.D.Ohio Jan. 4, 2010) (citations omitted).

As noted above, Pickens' objections contain no argument on the issue of procedural default. Furthermore, at no time has Pickens offered any evidence of cause and prejudice. Accordingly, he has failed to demonstrate that his default should be excused. The Magistrate Judge, therefore, properly concluded that Pickens' claims were procedurally defaulted.

### III. Conclusion

Having found no merit to the objections raised by Pickens, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

January 29, 2010

                                              */s/ John R. Adams*
                                              JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE